IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN CLIFTON TENBROOK                                                    PLAINTIFF

V.                    NO. 13-5021

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, John Clifton Tenbrook, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) ceasing his entitlement to disability benefits as of March 1, 2010.

**I.     Procedural Background:**

Plaintiff was initially found to be disabled as of February 1, 1996, and was allowed disability benefits due to irritable bowel syndrome, paroxysmal tachycardia, obsessive-compulsive disorder (OCD), and panic disorder. (Tr. 11-12, 78). Plaintiff's benefits were subsequently determined to have continued in a determination dated June 18, 2003. This is known as the "comparison point decision" or CPD. (Tr. 10, 78). Plaintiff was receiving Childhood Disability Benefits, which were stopped effective July 3, 2008, when he married and changed his status. (Tr. 78). Plaintiff's benefits were ceased effective March 1, 2010, when it was concluded that medical improvement had occurred and he could perform some type of

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

substantial gainful activity. (Tr. 78). Plaintiff appealed this determination, and a hearing before a Disability Hearing Officer was held on March 30, 2011. (Tr. 76).  By written decision dated April 25, 2011, the Disability Hearing Officer found that, since there had been a decrease in the signs, symptoms and medical findings at the CPD, medical improvement had occurred, which was related to the ability to work, that Plaintiff's OCD resulted in more than minimal functional limitations in his ability to carry out complex instruction, and he therefore had a severe mental impairment. (Tr. 83, 84).  The hearing officer found Plaintiff retained the capacity to perform work where interpersonal contact was incidental to the work performed, and that he could perform tasks that are learned by rote with few variables and little judgment required, with supervision that was simple, direct and concrete. (Tr. 84). The hearing officer concluded that there were jobs Plaintiff would be able to perform, such as cleaner, hospital; cleaner, wall and waxer. (Tr. 85).

Plaintiff appealed the decision of the Disability Hearing Officer, and a hearing was held before the Administrative Law Judge (ALJ) on February 9, 2012, where Plaintiff appeared with counsel and testified. (Tr. 26-50).

By written decision dated February 16, 2012, the ALJ found that the most recent favorable medical decision finding Plaintiff continued to be disabled was the determination dated June 18, 2003, known as the "comparison point decision" or CPD. (Tr. 11). At the time of the CPD, Plaintiff had the following medically determinable impairments: irritable bowel syndrome, paroxysmal tachycardia, OCD, and panic disorder. (Tr. 11).  The ALJ further found that the medical evidence established that Plaintiff did not develop any additional impairments after the CPD through March 1, 2010, and thus, Plaintiff's current impairments were the same as the CPD

impairments. (Tr. 12). The ALJ found that since March 1, 2010, Plaintiff had not had an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in the 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926). (Tr. 12). The ALJ concluded that medical improvement occurred as of March 1, 2010, which was related to the ability to work, and found that beginning on March 1, 2010, Plaintiff's impairments have continued to be severe. The ALJ further found that beginning on March 1, 2010, Plaintiff had the residual functional capacity to:

> perform light work as defined in 20 CFR 416.967(b). Furthermore, the claimant can understand, remember, and carry out simple, routine, repetitive tasks; respond to usual work situations and routine work changes; frequently interact with supervisors; and occasionally interact with the public and co-workers.

(Tr. 15). The ALJ concluded that there were jobs Plaintiff would be able to perform, such as production work (assembler of small products); hand packaging; and garment pressers. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 4, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

**II.    Applicable Law:**

A Social Security claimant has a continuing burden to demonstrate that he is disabled, and courts should draw no inference from the fact that a claimant was previously granted benefits. See Nelson v. Sullivan, 946 F.2s 1314, 1315 (8th Cir. 1991). Once the claimant meets this initial responsibility, however, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled. Lewis v. Heckler, 808 F.2d 1293, 1297 (8th Cir. 1987).

"When benefits have been denied based on a determination that a claimant's disability has ceased, the issue is whether the claimant's medical impairments have improved to the point where he is able to perform substantial gainful activity. Delph v. Astrue, 538 F.3 940, 945 (8th Cir. 2008). "This 'medical improvement' standard requires the Commissioner to compare a claimant's current condition with the condition existing at the time the claimant was found disabled and awarded benefits." Id. "The continuing disability review process involves a sequential analysis prescribed in 20 C.F.R. § 404.1594(f). Id. [2]

### III.  Discussion:

Plaintiff raises the following arguments on appeal: 1) The ALJ erred in determining that Plaintiff's medical improvement was related to his ability to work; 2) Whether the ALJ considered Plaintiff's impairment in combination; 3) Whether the ALJ erred in his credibility findings; and 4) Whether the ALJ erred in his RFC determination. (Doc. 11).

**A. Whether Plaintiff's Medical Improvement Was Related to his Ability to Work:**

Plaintiff argues that as he has never been gainfully employed, has received no sort of training at all, and suffers from OCD and panic disorder, it would make it extremely difficult for him to be trained or to function in the workplace on a regular and sustained basis. He also argues that his irritable bowel syndrome would further limit his ability to function in the workplace.

---

[2]The steps are as follows: 1)whether the claimant is currently engaging in substantial gainful activity; (2) if not, whether the disability continues because the claimant's impairments meet or equal the severity of a listed impairment, (3) If not, whether there has been medical improvement, (4) if there has been a medical improvement, whether it is related to the claimant's ability to work, (5) if there has been no medical improvement or if the medical improvement is not related to the claimant's ability to work, whether any exception to medical improvement applies, (6) if there is medical improvement and it is shown to be related to the claimant's ability to work, whether all of the claimant's current impairments in combination are severe, (7) if the current impairment or combination of impairments is severe, whether the claimant has the residual functional capacity to perform any of this past relevant work activity, and (8) if the claimant is unable to do work performed in the past whether the claimant can perform other work. Delph, 538 F.3d at 945-946; citing 20 C.F.R. § 404.1594(f).

"Medical improvement is related to the ability to work if there has been a decrease in the severity of the impairment and an increase in the individual's ability to do basic work activities." 20 C.F.R. § 404.1594(b)(3).

In this case, the ALJ found that the medical improvement was related to the ability to work because, as of March 1, 2010, Plaintiff no longer had an impairment or combination of impairments that met or medically equaled the same listing(s) that was met at the time of the CPD. (Tr. 14). The ALJ discussed Plaintiff's anxiety related disorders and concluded that they no longer met the listing 12.06 criteria, and that neither Plaintiff's mental or physical impairments caused disabling symptoms and limitations. The Court finds that the record supports the ALJ's conclusion.

With respect to Plaintiff's irritable bowel syndrome, Plaintiff testified at the hearing before the ALJ that he took medicine for his irritable bowel syndrome, with no side effects, and that "it is treated mostly." (Tr. 36). He further stated that even with medicine, he may have outbreaks three to five times a month. (Tr. 36). Plaintiff's treating physician, Dr. Stuart Benson, D.O., F.A.C.O.I., reported in a letter dated March 8, 2011, that Plaintiff was stable on his medical problems at that time. (Tr. 326). On February 9, 2012, Dr. Benson confirmed Plaintiff's statement that he might have flare ups from his IBS "a couple to three times a month." (Tr. 341). It is noteworthy that Plaintiff testified that when his wife was not working so much, they would go out several times a month to bowl, shoot pool, or go to the casino. (Tr. 46).

With respect to Plaintiff's paroxysmal tachycardia, the ALJ correctly found that it did not meet or medically equal the listing 4.05 criteria, as the medical evidence of record did not document recurrent episodes of cardiac syncope or near syncope despite prescribed treatment.

(Tr. 13). There was also no evidence that Plaintiff ever underwent an electrocardiogram or other form of diagnostic test.

Regarding Plaintiff's mental impairments, the ALJ found that they did not meet or medically equal the criteria of listing 12.06. (Tr. 13). The Court finds that Plaintiff's daily activities, as well as the objective medical record, support this conclusion. Plaintiff was able to help his father on the farm, drive his wife and mother-in-law to work, care for the family pet, perform household chores, such as washing laundry and dishes, do yard work and clean the house. (Tr. 209). In addition, although Plaintiff indicated he did not like to be around crowds, he and his wife routinely went to the movies, bowled, and played pool. (Tr. 270). In fact, Plaintiff told Richard D. Back, Ph.D. on February 24, 2010, that he and his wife attended "Bikes, Blues, and Barbeque." (Tr. 270). These activities are inconsistent with someone whose mental impairments limit the ability to function in the workplace.

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's finding that Plaintiff's conditions had medically improved and related to his ability to work.

**B.     Combination of Impairments:**

In his decision, the ALJ set forth the fact that at step one of his analysis, he must determine whether Plaintiff has an impairment or combination of impairments which meets or medically equals the criteria of a listed impairments. (Tr. 10). The ALJ also stated that at step five of his analysis, he must determine whether all the claimant's current impairments in combination were severe. (Tr. 11). The ALJ concluded that since March 1, 2010, Plaintiff had not had an impairment or combination of impairments which met or medically equaled a listing.

(Tr. 12). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

Accordingly, the Court finds there is substantial evidence to support the fact that the ALJ considered Plaintiff's combination of impairments.

**C.     Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In the present case, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC assessment. (Tr. 16). The ALJ stated that considering the lack of treatment and few reported episodes of diarrhea found in Plaintiff's treatment records, as well as the opinion given by his treating physician, Plaintiff's allegations

of chronic diarrhea, inadequately controlled with medication, was not wholly credible. The ALJ also discussed the medical records relating to Plaintiff's heart rate and mental impairments. (Tr. 17). The ALJ discussed Plaintiff's daily activities, which, as set forth earlier in this opinion, are inconsistent with disabling pain. (Tr. 18). The ALJ also discussed all of the medical records relating to the treatment of Plaintiff's impairments, as well as the opinions of both treating and non-examining consultants.

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility findings.

### D. RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical records, observations of all of the

physicians, Plaintiff's descriptions of his limitations, and his wife's testimony. (Tr. 18). The ALJ noted that Plaintiff's wife's report and Plaintiff's report were nearly identical, and found it to be cumulative and of little value, thereby giving it little weight. (Tr. 18). The ALJ found Dr. Back's February 2011 opinion to be consistent with the record as a whole and reasonable, and gave it great weight. (Tr. 18-19). The ALJ also gave the State agency psychological consultant's assessment considerable weight, finding it to be reasonable and supported by the record as a whole, although he found it somewhat more limited in social functioning that indicated in the assessment. (Tr. 19). There are no physicians' records which limit Plaintiff's ability to function in the workplace more than is allowed for in the RFC assessment.

Accordingly, the Court finds there is substantial evidence to support the weight the ALJ gave to the various opinions and the ALJ's RFC determination.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds there is substantial evidence to support the ALJ's decision that Plaintiff's disability ended on March 1, 2010, and that Plaintiff has not become disabled again since that date, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby dismissed with prejudice.

IT IS SO ORDERED this 24th day of February, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)